IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MODERN MAINTENANCE, INC.,
A Kansas Corporation,

                Plaintiff,

       vs.                                   Case No.  05-CV-02214-JWL

AMERICAN-LINCOLN, A Subsidiary of
or d/b/a  ALTO U.S., Inc.,
a division of NILFISK ADVANCE
whose parent Company is NKT
HOLDING A/S located in Brondby,
Denmark and/or INCENTIVE A/S
located in Copenhagen, Denmark,
and,BUBLITZ MACHINERY CO., A
Missouri Corporation,

                Defendants.

## **PROTECTIVE ORDER**

Upon stipulation of the plaintiff and defendants and through their respective attorneys, the Court finds that this action may involve proprietary and confidential information of both plaintiff and defendants, including documents relating to machinery that Defendant Alto manufactured and sold to Plaintiff.  Therefore, a Protective Order is appropriate and necessary in this case.

IT IS HEREBY ORDERED that any party may designate as "Confidential" such portions of (1) deposition transcripts of any party's current and former employees, consultants or experts, (2) discovery responses of any party, including interrogatory answers, responses to requests for admissions, etc., (3) expert reports and (4) any documents, data or other materials produced, which contain information in the following

categories:   trade secrets, confidential research, development, commercial or financial information (hereinafter "confidential information").   Any items designated as containing confidential information shall be properly subject to protection under Federal Rule of Civil Procedure 26(c), and parties shall not designate any discovery material as "Confidential" without first making a good faith determination that such protection is warranted.   In the case of deposition transcripts, a party shall designate the confidential portions thereof within thirty (30) days of receipt of the deposition transcript.   Pending such designation, the entire transcript shall be deemed confidential.   In all other cases, a party shall make its designations at the time of service or production of the confidential information.   In the event that a party inadvertently fails to designate certain material as confidential, it may make such designation subsequently by notifying opposing counsel of record in writing as soon as possible.   Use of confidential information by the parties and their attorneys and agents shall be subject to the following restrictions.

1.     This Protective Order shall not apply to the following materials:

    (a)     Documents of public record;

    (b)     Documents filed with any federal or state agency, copies of which are required by the agency to be freely available in their entirety to the public; and

    (c)     Documents or articles published in trade magazines or other general circulation publications.

2.     Absent express authorization by counsel for defendant or a court order, confidential information shall be used only for the purpose of this litigation.

3.     Confidential information shall not be:

(a)      Given, shown, made available, or communicated in any way, in whole or in part, to anyone, other than the plaintiff and defendants herein, the attorneys of record for the plaintiff and defendants who are essential to the prosecution or defense of this action, consultants and experts retained by attorney of record in this matter, the authors, senders, addresses and copy recipients of said confidential information, or as otherwise ordered by the Court.  All persons allowed access to confidential information pursuant to this subparagraph shall first sign the attached agreement, which signed agreement will be maintained by the attorney procuring the signature.

(b)      Reproduced or retained in any fashion whatsoever, except that for the purpose of preparation of this case for trial, copies, excerpts, or summaries of documents may be made, shown or given to those authorized pursuant to subparagraph (a) above in accordance with the provisions of that subparagraph; provided, however, that within one hundred twenty (120) days of the resolution of this action, any and all confidential information, including without limitation any and all copies, excerpts, or summaries of documents, shall either be destroyed or returned to the counsel for the producing party. Upon request of opposing counsel, counsel responsible for destroying the documents shall certify in writing that all such materials have been destroyed.

(c)     Notwithstanding the foregoing, the attorneys of record for the plaintiff and defendants may retain their work product, including pleadings and memoranda filed with the Court and memoranda and summaries created by then, but shall delete all confidential information, including without limitation all copies, excerpts, summaries or descriptions thereof.

4.     No pleading, motion, brief or memorandum which describes or refers to any confidential information, or to which any confidential information is attached as an exhibit, or any portions of depositions or the trial transcript that contain information is attached as an exhibit, or any portions of depositions or the trial transcript that contain information read from or obtained from confidential information, shall be filed with the Court without first obtaining authority from this Court by way of a motion.  The Court will make determination on a document-by-document basis regarding which confidential documents or information may be filed under seal.   The parties shall not file any documents under seal without specific approval of this Court.   When filing confidential information with the Court under seal, the document(s) shall be placed in a sealed envelope with instructions that the document(s) is filed pursuant to the Stipulated Protective Order and that the envelope is not be opened absent further order of the Court. The envelope shall be labeled to identify the title of the case, the case number, and the title of the document.

5.     Neither the plaintiff nor defendants, or their representatives, shall refer to confidential information in the presence of any person who has not signed an agreement to be bound by this protective order or who is not essential to the trial process, to wit:  the

Judge; the jury; courtroom personnel deemed necessary by the Judge; and any other person approved by the Judge presiding over the trial of this action unless reference to such confidential information has been previously agreed to by defendant or explicitly approved by the Court after notice of defendant and an opportunity for them to be heard.

6.      Any party who objects to the designation of any document or portion thereof as confidential shall state its objection and the basis therefore in writing to the party or other person by which the designation was made.   Within fourteen (14) days from service of such an objection, the designating party shall reply in writing.   Counsel shall then meet and confer with one another concerning any such dispute.   If agreement cannot be reached, the designating party shall, within twenty (20) days from the date of the meet and confer conference, apply to the Court for a ruling that a document (or category of documents) or portions thereof stamped as "Confidential" is entitled to such status and protection.   The burden of proof regarding the designation of a document as "Confidential" shall be on the designating party to show that such protection is warranted.   Pending a ruling by the Court of the motion, and any appeal, this Order shall remain in effect.

7.      Upon the conclusion of this litigation, the Court shall retain jurisdiction over any person or organization authorized under paragraph 3, subparagraph (a) above to receive confidential information, as necessary to enforce the provisions of this Protective Order.   The Court's jurisdiction to enforce the terms of this Order shall expire six months following the final termination of the action, unless extended by the Court.

8.      This Order is enforceable pursuant to Rule 26(c) and Rule 27 of the Federal Rules of Civil Procedure.

9.     Plaintiff and defendants through their respective counsel hereby stipulate the Court may enter the Order set forth above.

IT IS SO ORDERED.

Dated this 2nd day of August, 2005, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge


APPROVED BY:

GILLILAND & HAYES, P.A.

s/John L. Hampton
John L. Hampton, KS #07406
900 Massachusetts Street, Suite 200
Lawrence, Kansas 66044-2868
(785) 749-2521
(785) 842-8999 FAX
jhampton@gh-lawrence.com
ATTORNEY FOR PLAINTIFF


FOULSTON SIEFKIN LLP

s/Scott C. Nehrbass
Scott C. Nehrbass,  KS #16285
40 Corporate Woods, Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210
(913) 498-2100
(913) 498-2101 FAX
snehrbass@foulston.com
ATTORNEY FOR DEFENDANT,
AMERICAN-LINCOLN, A DIVISION OF
ALTO U.S. INC.


PAYNE & JONES, CHTD

s/Tyler Peters

O:\ORDERS\05-2214-PO.rtf                                        6

Tyler Peters
11000 King Street
P. O. Box 25625
Overland Park, Kansas 66225-5625
(913) 469-4100
(913) 469-8182 FAX
jtp@paynejones.com
ATTORNEY FOR DEFENDANT,
BUBLITZ MACHINERY, CO._____


### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, having read and understood the Protective Order attached hereto governing the restricted use of documents and other information and materials produced in the case of *Modern Maintenance, Inc. v. American-Lincoln et al.*, Case No. 05-CV-02214-JWL-JPO, in the United States District Court, District Court of Kansas ("District Court"), hereby agrees to be bound by the terms thereof. The undersigned further agrees to submit to the jurisdiction of the District Court as necessary to enforce the provisions of the Protective Order.

Date:_____

_____

[Signature]

_____

[Print Name]

_____     [Address]


_____     [City, State, Zip Code]